UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND EARL BOYD,

Plaintiff,

v.

Case No. 2:21-cv-11926
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

EDWARD NYQUIST, CHRISTOPHER LAIRD, and JOHN KLAPISH,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 36)**[1]

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Raymond Earl Boyd (Boyd), proceeding *pro se*, is suing defendants Edward Nyquist (Nyquist), Christopher Laird (Laird), and John Klapish (Klapish),[2] who are all corrections officers employed by the Michigan Department of Corrections (MDOC). Boyd claims that defendants were deliberately indifferent in violation of

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Boyd named other defendants in his complaint as well, but they have all since been dismissed.

the Eighth Amendment when they moved him to quarantine housing with several dozen prisoners who had tested positive for the COVID-19 virus, despite his recent negative test result and numerous risk factors for the virus. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 12).

Before the Court is Boyd's motion for partial summary judgment, (ECF No. 36), to which defendants have responded, (ECF No. 40).[3] For the reasons that follow, the undersigned RECOMMENDS that the motion be DENIED WITHOUT PREJUDICE.

## II. Background

The district court summarized the facts of this case in its opinion and order of partial summary dismissal:

> Plaintiff Boyd is 73 years old, suffers from hypertension, and is African American, all of which increase his vulnerability to the COVID-19 virus. He alleges prison staff at Saginaw Correctional Facility sent him to a quarantine setting which housed COVID-positive prisoners over his protests that he was COVID-negative, and that he contracted the virus as a result of the move. He has sued five corrections officers, Laird, Nyquist, Klapish, Henderson, and Schott; four administrative staff members, Acting Warden Gary Miniard, Acting Deputy Warden Carol Walker, Resident Unit Manager/Acting Assistant Deputy Warden of Housing J. Anderson, and Grievance Coordinator A. Pratt; and two members of the health care staff, Health Unit Manager Sue McCauley and Nurse Jane Doe. He alleges that

[3] Defendants have also filed a motion to dismiss based on qualified immunity, (ECF No. 46), and Boyd has filed a response, (ECF No. 51). That motion will be the subject of a future Report and Recommendation.

> [d]efendants were deliberately indifferent to his vulnerability to the COVID-19 virus.
>
> [Boyd] received a negative test result on December 18, 2020, the day he was sent to Building 300, the quarantine unit. [Boyd] told the corrections officers who sent him to Building 300, Laird and Nyquist, and those who received him once he arrived at quarantine, Klapish, Henderson, and Schott, that he had tested negative for the virus. Nonetheless, he was forced to move to the quarantine facility and remain there for three days. [Boyd] observes that as a prisoner, he was at risk of disciplinary action for disobeying a direct order had he refused to move.
>
> The quarantine unit at Building 300 was set up with bunks spaced only three feet apart. [Boyd] reports that 78 prisoners in the quarantine facility were infected with COVID-19 and experiencing symptoms.
>
> Defendant Nurse Jane Doe saw [Boyd] on December 21, 2020. She informed [Boyd] that the medical staff had not sent him to quarantine, rather, that the "Control Center" had. She tested him for COVID.
>
> On December 21, 2020, [Boyd] returned from Building 300 to his prior placement, Building 800-Veterans Unit. [Boyd] received a positive test result [on] December 23. Starting December 23, for three days, [Boyd] experienced COVID symptoms which caused him "physical and emotional pain and distress."
>
> [Boyd] was previously exposed to COVID in March 2020, when a counselor contracted the virus. [Boyd] and another prisoner who had been in close contact with the counselor were sent to segregation/quarantine for 17 days. In November and December 2020, Saginaw Correctional Facility also operated a "close contact" unit, Building 700, for the isolation of prisoners who had been exposed to but tested negative for COVID-19. [Boyd] observes these facts indicate [d]efendants knew how to treat COVID-negative prisoners appropriately to avoid contagion.

(ECF No. 5, PageID.131-133) (internal record citations omitted).

## III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Boyd is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of

substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## IV. Discussion

### A. Parties' Arguments

Boyd requests that the Court grant "summary [judgment] as to the liability of defendants Nyquist, Laird, and Klapish for damages from their acts of deliberate indifference and Cruel and Unusual Punishment in violation of the <u>Eighth Amendment</u> U.S. Constitution." (ECF No. 36, PageID.369) (underlining in original). The factual support for Boyd's motion includes his narrative of the relevant events along with the grievances he submitted concerning those events. Boyd also asserts that defendants have waived their rights to dispute his constitutional claims because they failed to address the merits of these claims in their first motion for summary judgment on the grounds that Boyd failed to exhaust

his administrative remedies.[4]

In response, defendants argue that Boyd's motion is premature, noting that Boyd filed the motion on November 1, 2022, which was less than a week after the Court entered a scheduling order. Defendants also say that they are unable to address Boyd's summary judgment arguments without first obtaining discovery.

B. Analysis

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *see also Tucker*, 407 F.3d at 788 ("[A] motion for summary judgment may not be granted until a plaintiff has had an opportunity for discovery."); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's . . . affidavit and request or on the court's own initiative without an explicit request from the opposing party."). This principle has been upheld by numerous judges in this district. Defendants cite

[4] The undersigned recommended that the motion be granted in part and denied in part, concluding that Boyd had exhausted his claims against Nyquist, Laird and Klapish but not against defendants William Henderson (Henderson) and Allan Schott (Schott). (ECF No. 32). The district court adopted the recommendation and dismissed Boyd's claims against Henderson and Schott without prejudice for failure to exhaust, but permitted the claims against Nyquist, Laird, and Klapish to proceed. (ECF No. 33).

several of these cases in their response. (ECF No. 40, PageID.422-423). For example, in *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011), the court denied without prejudice the defendants' motion for summary judgment when it was filed less than a month after the complaint and before any discovery had taken place.

Moreover, under Federal Rule of Civil Procedure 56(d)(1), a court may deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Defendants have submitted such a declaration. Exhibit D to defendants' response is the declaration of John Thurber (Thurber), one of the attorneys representing defendants in this matter. (ECF No. 40-5). Thurber says that before he could adequately respond to a motion for summary judgment, he would need discovery including responses to interrogatories (written questions) and document requests from Boyd as well as depositions of Boyd and other individuals referenced in the complaint. (*Id*., PageID.447-448). Because Thurber's declaration provides "specified reasons" explaining why he is currently unable to address the substantive arguments made in Boyd's motion, the declaration satisfies the requirements of Rule 56(d)(1).

Boyd argues that defendants have waived their right to challenge the merits of his constitutional claims because they did not do so in their first motion for

summary judgment. This argument does not carry the day. As noted above, defendants filed an early motion for summary judgment based solely on exhaustion, not the merits. And the Local Rules permit the filing of more than one summary judgment motion with leave. *See* E.D. Mich. LR 7.1(b)(2).

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Boyd's motion for partial summary judgment, (ECF No. 36), be DENIED WITHOUT PREJUDICE.

Dated: March 1, 2023
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager