UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND EARL BOYD,

       Plaintiff,                  Case No. 21-11926

v.                                Honorable Nancy G. Edmunds

EDWARD NYQUIST,
CHRISTOPHER LAIRD,
and JOHN KLAPISH,

       Defendants.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE
JUDGE'S JUNE 27, 2023 REPORT AND RECOMMENDATION [62]**

In this pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983, Plaintiff
Raymond Earl Boyd alleges that Defendants, who are corrections officers, violated his
Eighth Amendment rights when they housed him at the Saginaw Correctional Facility with
several dozen COVID-19 positive prisoners even though he told them he had tested
negative for the virus.[1] (ECF No. 1.) The case has been referred to Magistrate Judge
Kimberly G. Altman for all pre-trial matters. (ECF No. 12.) Before the Court is the
Magistrate Judge's report and recommendation to deny Defendants' motion to dismiss
brought under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 62.) Defendants have
filed objections to the report. (ECF No. 64.) Plaintiff has responded to those objections.
(ECF No. 66.) For the reasons below, the Court OVERRULES Defendants' objections
and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.

---

[1] Plaintiff alleges that Defendants Edward Nyquist and Christopher Laird ordered
him to move to the quarantine unit on December 18, 2020, and Defendant John Klapish
did not allow him to return to his old unit until three days later. He further alleges he
contracted the virus as a result of the move.

## I.     Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1). The "district court is not required to articulate all of the reasons it rejects a party's objections." *See Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citation omitted).

## II.    Analysis

Defendants assert a defense of qualified immunity in their motion to dismiss.[2] The Magistrate Judge recommends finding that Plaintiff has met his burden of overcoming that defense at this early stage of the case.

Government officials are entitled to qualified immunity where their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Green v. Reeves*, 80 F.3d 1101, 1104 (6th Cir. 1996) (internal quotation marks and citation omitted). The Court undertakes a two-step analysis when determining whether a government official is entitled to qualified immunity. The first inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). If a violation could be made out, the next step is to determine

---

[2] Defendants also moved for dismissal of any claims against them in their official capacities on the ground of absolute immunity. But the Magistrate Judge did not address this issue after Plaintiff indicated in his reply and sur-reply that he did not intend to assert any claims against Defendants in their official capacities.

whether the right was clearly established in light of the specific context of the case, not as a broad general proposition. *Saucier*, 533 U.S. at 201. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987). A court may exercise its "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). When an official raises a defense of qualified immunity, the plaintiff bears the burden of proving that the official is not entitled to qualified immunity. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013).

Here, the Magistrate Judge found that Plaintiff alleged facts stating a claim for deliberate indifference and that the alleged Eighth Amendment violation was clearly established. Defendants filed three objections relating to the former finding and one objection to the latter. The Court addresses the objections relating to the first prong of the qualified immunity analysis first.

### A.    Defendants' Second, Third, and Fourth Objections

Defendants object to the Magistrate Judge's conclusion that Plaintiff has stated a claim under the Eighth Amendment.[3]

Defendants relied heavily on *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), in their motion to dismiss. Now, they argue that the Magistrate Judge's report misconstrues both their argument and *Wilson*. The Court agrees, however, that *Wilson* does not compel

---

[3] Defendants note that the allegations against Defendant Klapish are similar to those against two other defendants who have been dismissed from this lawsuit, Henderson and Schott. But those defendants were dismissed without prejudice on the basis of exhaustion. (*See* ECF No. 33.) Thus, the dismissal was not on the merits and has no impact on the analysis here.

a finding in favor of Defendants. True, the Sixth Circuit framed the issue as whether the Bureau of Prisons ("BOP") responded reasonably to the risk of COVID-19. *See id.* at 840. But there, the petitioners had argued that the BOP was deliberately indifferent because its measures had been ineffective at preventing the spread of the virus. *Id.* at 842. The petitioners had also argued that the BOP should have utilized additional measures to remove inmates from the facility, such as temporary release, furlough, or home confinement. *Id.* at 844. It was within this context that the court stated that prison officials are not required to "take every possible step to address a serious risk of harm." *Id.* Here, Plaintiff alleges that Defendants acted in contravention of prison policy when they housed him in the COVID-19 quarantine unit even though he told them he had tested negative for the virus. While some violations of prison policies may not rise to the level of a constitutional violation, *see Hyman v. Lewis*, 27 F.4th 1233, 1238 (6th Cir. 2022), the Court agrees that these allegations give rise to an inference that Defendants were deliberately indifferent to the risk COVID-19 posed to Plaintiff.

A review of the cases relied upon by Defendants only supports this conclusion. For example, in *Cameron v. Bouchard*, 815 F. App'x 978, 987-88 (6th Cir. 2020), the Sixth Circuit found that the plaintiffs were unlikely to succeed on the merits of their Eighth Amendment claim but, in doing so, noted that the plaintiffs "produced no evidence that any inmate who had not tested positive for COVID-19 was transferred to a cell containing inmates who had tested positive" or that a cell block was not quarantined after a particular inmate tested positive. In *Hill v. Whitmer*, 471 F. Supp. 3d 803, 808 (W.D. Mich. 2020), the court found that the plaintiff's allegations did not rise to the level of an Eighth Amendment violation but, in doing so, specifically stated that the plaintiff did not allege

that he had come into contact with any individual who had COVID-19. In sum, Plaintiff has stated a claim of deliberate indifference, and Defendants' second, third, and fourth objections are overruled.

### B.     Defendants' First Objection

Defendants object to the Magistrate Judge's finding that any constitutional right at issue here was clearly established. Despite Defendants' assertion to the contrary, "a case directly on point" is not required to show that a constitutional law is clearly established— as long as "existing precedent" has "placed the statutory or constitutional question beyond debate." *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "The precedent clearly establishing a right can be in the form of a case of 'controlling authority or a robust consensus of cases of persuasive authority.'" *Latits v. Phillips*, 878 F.3d 541, 552 (6th Cir. 2017) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 780 (2014)).

The Supreme Court has stated that prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease." *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition."). Although constitutional rights are not to be defined at a high level of generality, *see Ashcroft*, 563 U.S. at 742, a number of courts— in cases other than the district court case relied upon by the Magistrate Judge—have recognized that a prisoner can state an Eighth Amendment claim against prison officials for requiring inmates to remain in close proximity with other inmates they know have a serious, contagious disease, *see, e.g.*, *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007) (allowing an Eighth Amendment claim to proceed based on allegations that prison officials housed contagious and healthy individuals together during a known

"epidemic of hepatitis C"); *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001) (recognizing an Eighth Amendment claim for knowingly housing the plaintiff in a cell with individuals who had tested positive for tuberculosis); *see also Fuller v. Houston*, No. EDCV 21-127-SSS, 2022 U.S. Dist. LEXIS 234929, at *16 (C.D. Cal. Dec. 14, 2022) (finding that "[e]xisting precedent clearly establishes the right of an individual in custody to protection from heightened exposure to a serious communicable disease"); *Maney v. Brown*, No. 6:20-cv-00570-SB, 2020 U.S. Dist. LEXIS 235447, at *17 (D. Or. Dec. 15, 2020) ("[T]he law is clearly established that individuals in government custody have a constitutional right to be protected against a heightened exposure to serious, easily communicable diseases, and the Court finds that this clearly established right extends to protection from COVID-19."). These cases are distinguishable from the cases relied upon by Defendants, where there were no allegations that the defendants housed the plaintiff with other inmates who officials knew had tested positive for COVID-19. *See, e.g., Gordon v. Burt*, No. 1:21-cv-415, 2023 U.S. Dist. LEXIS 101119, at *3-4 (W.D. Mich. June 9, 2023) (granting qualified immunity after noting there was no allegation the plaintiff "was placed in a cell with a COVID-19 positive prisoner or even a close-contact prisoner")[4]; *see also Ryan v. Nagy*, No. 20-11528, 2022 U.S. Dist. LEXIS 210551, at *9 (E.D. Mich. Nov. 21, 2022) (drawing a distinction between prison officials "housing a prisoner who they know has a serious, contagious disease with other prisoners" and requiring inmates to share housing while knowing "an inmate *might* have a serious, contagious disease") (emphasis

---

[4] The underlying report and recommendation that was adopted in *Gordon* specifically noted that the plaintiff failed to allege facts showing the defendants "knowingly exposed Plaintiff, or any other prisoner, to a COVID-19 prisoner." *See Gordon v. Burt*, No. 1:21-cv-415, 2023 U.S. Dist. LEXIS 101519, at *3 (W.D. Mich. May 3, 2023).

in original). Finally, Defendants argue that qualified immunity gives "ample room for mistaken judgments." *See Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotation marks and citation omitted). But taking Plaintiff's allegations as true, as the Court must do at this stage, there was more than just a "mistaken judgment."

Because any Eighth Amendment violation here was clearly established at the time of the underlying events, Defendants' first objection is overruled. The Court denies Defendants' request for qualified immunity.

## III.   Conclusion

For the foregoing reasons, the Court OVERRULES Defendants' objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 62). Accordingly, Defendants' motion to dismiss (ECF No. 46) is DENIED.

SO ORDERED.

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

Dated: September 19, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager