UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND EARL BOYD,

    Plaintiff,

v.

EDWARD NYQUIST,
CHRISTOPHER LAIRD,
and JOHN KLAPISH,

    Defendants.
_____/

Case No. 21-11926

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S DECEMBER 10, 2024 REPORT AND RECOMMENDATION [97] AND DENYING PLAINTIFF'S MOTION TO STRIKE [103]**

In this pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983, Plaintiff Raymond Earl Boyd claims that Defendants, who are corrections officers, violated his Eighth Amendment rights when they housed him at the Saginaw Correctional Facility with several dozen COVID-19 positive prisoners even though he told them he had tested negative for the virus.[1] (ECF No. 1.) The case has been referred to Magistrate Judge Kimberly G. Altman for all pre-trial matters. (ECF No. 12.) Before the Court is the Magistrate Judge's report and recommendation to deny Plaintiff's motion for summary judgment and deny Defendants' motion for summary judgment. (ECF No. 97.) Plaintiff has filed objections to which Defendants have responded, (ECF Nos. 99, 102), and Defendants have filed objections to which Plaintiff has responded and they have replied,

---

[1] Plaintiff alleges that Defendants Edward Nyquist and Christopher Laird ordered him to move to the quarantine unit on December 18, 2020, and Defendant John Klapish did not allow him to return to his old unit until three days later. He further alleges he contracted the virus as a result of the move.

1

(ECF Nos. 100, 103-04).[2] For the reasons below, the Court OVERRULES the objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.

I.     **Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1). The "district court is not required to articulate all of the reasons it rejects a party's objections." *See Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citation omitted).

II.    **Analysis**

   A.    **Plaintiff's Objections**

Plaintiff has filed three objections to the Magistrate Judge's recommendation to deny his motion for summary judgment.

Plaintiff first argues that Defendants cannot deny they had knowledge that he had tested negative for the virus or that they had the authority to transfer him into or out of the quarantine unit. But the credibility of the witnesses is up to the jury. And Plaintiff's second argument only affirms this point—he argues that a reasonable factfinder could conclude that Defendants had the requisite knowledge. And that is what the Magistrate Judge found—a reasonable factfinder *could* conclude that they had that knowledge or authority,

---

[2] Plaintiff also moves to strike Defendants' objections as untimely. (*See* ECF No. 103.) But prior to expiration of the initial fourteen-day period, Defendants requested, and the Court granted, an extension of time to file their objections. Thus, Defendants' objections were timely, and Plaintiff's motion to strike is DENIED.

but it also could conclude that they did not. These are issues that cannot be resolved on summary judgment. Plaintiff's first two objections are overruled.

Plaintiff also objects to the notion that he was infected with the virus prior to the move. He attempts to describe this as mere speculation. But this assertion is consistent with the medical opinion of MDOC's chief medical officer, Dr. McIntyre. (*See* ECF No. 87-5, PageID.1756.) Thus, there is enough evidence in the record to raise a genuine issue of material fact regarding the timeline. Plaintiff's third objection is also overruled.

### B. Defendants' Objections

Defendants have filed three objections to the Magistrate Judge's recommendation to deny their motion for summary judgment. They also continue to maintain that they are entitled to qualified immunity.[3]

Defendants first note that "a non-medically trained officer does not act with deliberate indifference to an inmate's medical needs when she reasonably deferred to the medical professionals' opinions." *See Mercer v. Athen Cty.*, 72 F.4th 152, 162-63 (6th Cir. 2023) (internal quotation marks and citations omitted). They point to their testimony stating that it was healthcare that issued the order stating Plaintiff was to be transferred. (*See, e.g.*, ECF No. 87-8, PageID.1782.) But in the cases cited by Defendants where courts found a lack of deliberate indifference due to deference to a medical opinion, officials had sought medical advice after recognizing there was a health risk. For example, in *McGaw v. Sevier Cty.*, 715 F. App'x 495, 498 (6th Cir. 2017), "the officers recognized McGaw's condition, summoned a person they believed capable of assessing those risks,

---

[3] Defendants previously raised the defense of qualified immunity in their motion to dismiss. But this Court adopted the Magistrate Judge's recommendation to reject that argument then. (*See* ECF No. 67, PageID.1305-10.)

and followed the guidance that Nurse Sims provided." The court explicitly noted that because "the officers had no reason to know or believe that Nurse Sims's recommendation was inappropriate," they "did not act with subjective deliberate indifference when they followed it." *Id.* Here, Plaintiff informed Defendants that he had tested negative for the virus *after* the transfer order was issued. Thus, they did have reason to know that the healthcare staff's order may be inappropriate. Yet, there is no evidence to suggest that Defendants consulted a medical professional or took any action to respond to the risk the virus posed at that point. Thus, Defendants' first objection is overruled.

Defendants next argue that the Magistrate Judge did not properly consider the timeline of Plaintiff's exposure to the virus and the declaration of MDOC's chief medical officer, Dr. McIntyre. But the Magistrate Judge's report correctly stated that Plaintiff *received* a negative test result on December 18, 2020, the same day he was transferred. (*See, e.g.*, ECF No. 97, PageID.2096.) And while Dr. McIntyre opined that Plaintiff was infected with the virus prior to the transfer, the weight given to a medical opinion is up to the jury, not the Court. Thus, Defendants' second objection is overruled.

Defendants next raise an argument similar to one they previously made based on *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020)—that the Magistrate Judge did not consider whether Defendants responded reasonably to the substantial risk to the prisoner. But as the Court previously noted:

> True, [in *Wilson,*] the Sixth Circuit framed the issue as whether the Bureau of Prisons ("BOP") responded reasonably to the risk of COVID-19. *See id.* at 840. But there, the petitioners had argued that the BOP was deliberately indifferent because its measures had been ineffective at preventing the spread of the virus. *Id.* at 842. The petitioners had also argued that the BOP should have utilized additional measures to remove inmates from the

4

> facility, such as temporary release, furlough, or home confinement. *Id.* at 844. It was within this context that the court stated that prison officials are not required to "take every possible step to address a serious risk of harm." *Id.* Here, Plaintiff alleges that Defendants acted in contravention of prison policy when they housed him in the COVID-19 quarantine unit even though he told them he had tested negative for the virus. While some violations of prison policies may not rise to the level of a constitutional violation, *see Hyman v. Lewis*, 27 F.4th 1233, 1238 (6th Cir. 2022), the Court agrees that these allegations give rise to an inference that Defendants were deliberately indifferent to the risk COVID-19 posed to Plaintiff.

(ECF No. 67, PageID.1307.) Thus, Defendants' third objection is overruled.

Finally, Defendants take issue with the Magistrate Judge's analysis of both prongs of the qualified immunity analysis. Defendants first argue that because discovery has revealed that Plaintiff's COVID-19 symptoms were mild, they do not constitute an objectively serious medical need. But the Court agrees with the distinction drawn by the Magistrate Judge between the risk of contracting COVID-19 and Plaintiff's actual COVID-19 symptoms and her finding that the exposure itself satisfied the objective element of the alleged Eighth Amendment violation. (*See* ECF No. 97, PageID.2095-96.)

Defendants next argue that one unpublished district court case from the Western District of Kentucky is not sufficient to find that any right violated by Defendants was clearly established for purposes of the second prong of the analysis. But as this Court stated in its previous order, "a number of courts—in cases other than the district court case relied upon by the Magistrate Judge—have recognized that a prisoner can state an Eighth Amendment claim against prison officials for requiring inmates to remain in close proximity with other inmates they know have a serious, contagious disease." *See* ECF No. 67, PageID.1308-09 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007); *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001); *Fuller v. Houston*, No. EDCV 21-127-SSS, 2022 U.S. Dist. LEXIS 234929, at *16 (C.D. Cal. Dec. 14, 2022);

5

*Maney v. Brown*, No. 6:20-cv-00570-SB, 2020 U.S. Dist. LEXIS 235447, at *17 (D. Or. Dec. 15, 2020)). Thus, Defendants are not entitled to qualified immunity.

### III.     Conclusion

For the foregoing reasons, the Court OVERRULES the objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 97). Accordingly, both pending motions for summary judgment (ECF Nos. 84, 88) are DENIED. Moreover, Plaintiff's motion to strike (ECF No. 103) is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 10, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 10, 2025, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager